**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Conlon Group Arizona, L.L.C., ) | No. CV-06-2065-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| CNL Resort Biltmore Real Estate, Inc., et ) | |
| al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

The court has before it The Conlon Group Arizona, L.L.C.'s ("Conlon") motion for summary judgment on the issue of documents to be produced to plaintiff (doc. 8), defendants' response and Rule 56(f) motion for continuance (doc. 12), and Conlon's reply (doc. 16).

Conlon owns six units located in the Arizona Biltmore Hotel Villas Condominiums ("Villas"). Defendant KSL Biltmore Resort, Inc. ("Hotel") entered into a Rental Pool Agreement (the "Agreement") with Conlon and other owners of Villas ("Owners"), whereby the Hotel agreed to act as manager for the rental pool. The Hotel's rights and responsibilities under the Agreement were subsequently assigned to CNL Resort Biltmore Real Estate, Inc. ("CNL") (Hotel and CNL are collectively referred to as "defendants").

Pursuant to the terms of the Agreement, the net revenue from the rental of all units in the rental pool is pooled and allocated pro rata to each unit in the rental pool. Mark Finney

1  Decl., exhibit A at § 8.  Owners are responsible for all costs relating to ownership of each
2  unit, including real estate taxes, association and master association assessments, and utility
3  charges.  Id. § 7.  Owners are also responsible for a pro rata share of financial transaction
4  charges such as travel agent commissions and credit card charges related to the revenue
5  received on all units in the rental pool.  Id.

6       Pursuant to § 11 of the Agreement, the Owners have the right to inspect the books and
7  records maintained by the defendants for the rental pool.  Section 11 provides:

> Rental Pool Accounting and Allocations.  The Manager shall maintain financial books and records for the Rental Pool.  The books and records maintained by the Manager for the Rental Pool will be available for inspection by any Owner, upon written request received from such Owner, at the principal place of business of the Manager in Phoenix, Arizona at all reasonable business hours.

Id. at § 11.

     A dispute has arisen between the parties over the proper allocation of expenses and revenue under the Agreement.  Accordingly, Conlon sought to inspect the books and records maintained by defendants in order to conduct an audit.  It made several written inspection requests between 2004 and 2006, but defendants refused to comply in full, supplying some, but not all, of the requested information.  Specifically, defendants refused to provide information they considered proprietary, such as information related to the financial performance of the Hotel, and confidential records related to Villa units not owned by Conlon.  Response at 4.  Conlon contends that the withheld information is vital to complete an audit of the rental pool.

     The documents sought by Conlon and refused by defendants include, but are not limited to, (1) complete bank statements and documentation to provide an accounting for the rental pool for the years 2000 to 2005; (2) documentation to support rental pool credit card fees; (3) documents to support rental pool travel agent fees; (4) documents related to complimentary room nights awarded by defendants; and (5) rental pool trust account statements.  Motion at 3.  Conlon's Complaint and present motion for summary judgment

1 broadly seek an order requiring defendants to produce "all books and records called for under
2 the Rental Pool Agreement." Motion at 1; Complaint at 2.

3 Defendants contend that there is an issue of fact as to whether Conlon is entitled to
4 inspect certain records under the Agreement. They claim that because neither Conlon nor
5 defendants were parties to the original agreement an issue of fact exists as to the intent of the
6 original contracting parties. Therefore, defendants move for additional time, pursuant to
7 Rule 56(f), Fed. R. Civ. P., to retain experts regarding industry custom and practice and to
8 depose the original parties to the Agreement. We deny this motion outright. The intent of
9 the original contracting parties and the industry's custom and practice regarding disclosure
10 of financial documents are not relevant to the interpretation of section 11 of the Agreement.

11 The plain language of the Agreement broadly requires the Manager to "maintain
12 financial books and records for the Rental Pool." Mark Finney Decl., exhibit A at § 11. The
13 provision is clear and unambiguous and is subject to only one reasonable interpretation–the
14 Owners are entitled to inspect documents and records containing information that is integral
15 to the calculation of their rental pool distributions. Defendants do not argue otherwise.
16 Instead they attempt to circumvent their broad record-keeping obligation based on arguments
17 that certain records are proprietary or confidential. By way of example, Conlon alleges that
18 the defendants' allocation of credit card charges to the Owners is derived from a percentage
19 of the total credit card charges incurred on all Hotel and rental pool revenue. Reply at 4.
20 Defendants have refused Conlon's request to examine Hotel records supporting this expense
21 allocation. To the extent the Hotel has commingled its financial records with those of the
22 rental pool, it has waived its argument that such records are proprietary, and therefore not
23 available to the Owners.

24 Defendants have also refused to provide what it considers confidential records
25 containing information relating to other Owners' distributions under the Agreement.
26 However, given that the Owners equally share expenses and income derived from the rental
27 pool, it is difficult to understand how rental pool records relating to individual Owners could
28 be confidential. To the extent any particular document sought contains trade secrets or

- 3 -

1 confidential information, appropriate remedies are available under Rule 26(c), Fed. R. Civ.
2 P.

3 Based on the foregoing, we conclude that Conlon is entitled to inspect any book or
4 record maintained by the Manager that is integral to the calculation of rental pool
5 distributions, including but not limited to documents containing Hotel and other Owner's
6 information that is a component of the rental pool calculation.

7 **IT IS ORDERED GRANTING** Conlon's motion for summary judgment on the issue
8 of documents to be produced to plaintiff (doc. 8).  **IT IS FURTHER ORDERED**
9 **DENYING** defendant's motion for Rule 56(f) continuance (doc. 12).

10 DATED this 21st day of May, 2007.

*/s/ Frederick J. Martone*
Frederick J. Martone
United States District Judge